UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Maurice Avery, # 122721, ) | C/A No. 2:05-310-24AJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | For Summary Dismissal |
| Brenda H. Ervin, Magistrate Judge; and ) | |
| Letha Hendrix, Rackroom Shoes Inc., Security Officer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, Timothy Maurice Avery ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants a state Magistrate Court Judge and a store security officer. Plaintiff's complaint should be dismissed for failure to state a claim under 42 U.S.C. § 1983.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of

Social Services, 901 F.2d 387, (4th Cir. 1990).

<u>Discussion</u>

Plaintiff is a state prisoner seeking expungement of "false allegations from my record" apparently in reference to his criminal prosecution. Complaint at 5. Plaintiff claims the Defendant Hendrix made false statements under oath in 1998, which were used against him in his criminal prosecution in 2004. Complaint at 3. Plaintiff further claims the Defendant Ervin, a Magistrate Court Judge, conspired to maliciously prosecute Plaintiff by signing "disposition of case warrants." <u>Id.</u> The complaint should be dismissed for failure to state a claim under § 1983.

In order to state a cause of action under 42 U.S.C. § 1983, Plaintiff must allege that: *(1)* the Defendants deprived him of a federal right, and *(2)* did so under color of state law. <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980). The complaint does not allege a federal right has been violated. The complaint states the issues raised are "manufacturing evidence, purjury [sic], fraud, and conspiracy to malicious prosecution." Complaint at 2. The facts alleged by Plaintiff are related to his criminal prosecution in a state court. Plaintiff does not allege violation of a constitutional right or federal law on which to proceed under § 1983. Thus, his complaint fails to state a claim.

Plaintiff also fails to allege cognizable claims against the named defendants. Defendant Hendrix, as a security officer at a store, does not act under color of state law. Defendant Ervin, although acting under color of state law, has absolute immunity from a suit under § 1983. South Carolina Magistrate Court Judges are jurists in the State of South Carolina's unified judicial system. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* Article V, Section 1 of the Constitution of the

State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."). Hence, Judge Ervin is entitled to summary dismissal in the above-captioned case because she has absolute judicial immunity with respect to her judicial acts in Plaintiff's criminal case. *See* Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Plaintiff fails to state a claim against the named defendants.

Finally, Plaintiff fails to request relief which can be granted in this case. Plaintiff requests expungement of "false allegations from my record" in relation to his criminal prosecution. Expungement of state criminal records is a state law matter. If Plaintiff's request could be construed as a request to set aside his conviction or sentence, he must file for habeas relief under 28 U.S.C. § 2254 after exhausting his state court remedies.[2] Plaintiff "fails to state a claim on which relief may be granted" and the complaint should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d

---

[2] For further information concerning habeas corpus relief and exhaustion requirements, Plaintiff is directed to the Report and Recommendation issued in Plaintiff's prior case, C/A No. 2:05-190-24AJ.

201, 202-204 & n. * (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the notice on the following page.

                Respectfully Submitted,

February 25, 2005          S/Robert S. Carr
Charleston, South Carolina      United States Magistrate Judge