IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Maurice Avery, | ) | C/A No. 2:05-cv-00310-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER and OPINION |
| | ) | |
| Brenda H. Ervin, Magistrate Judge; and Letha Hendrix, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## I. Introduction

Plaintiff Timothy Maurice Avery, appearing *pro se*, is an inmate at the Manning Correctional Institution in Columbia, South Carolina. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Specifically, Plaintiff alleges that Defendant Ervin conspired to maliciously prosecute him "by signing disposition of case warrants" that contained inaccurate information. Complaint, 3. Plaintiff also claims that Defendant Hendrix made false statements in 1998 that were used to prosecute Plaintiff in 2004. Complaint, 3. Plaintiff seeks "[expungement] of these false allegations from [his] record." Complaint, 5.

## II. Law/Discussion

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A, and, on February 25, 2005, filed a Report and Recommendation that the Complaint be dismissed without

prejudice. Plaintiff filed objections to the Report and Recommendation ("Objections") on March 7, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff is serving a seven-year sentence for shoplifting in the custody of the South Carolina Department of Corrections. In his complaint, Plaintiff alleges that Defendant Hendrix, a security officer at Rack Room Shoes, "stated that [P]laintiff did attack her hitting her several times on her back and back side." Complaint, 3. Plaintiff argues that these statements were false and made under oath. Id. According to Plaintiff, these allegedly false statements were used against him during his prosecution for a previous crime. Report and Recommendation, 1.

In his Report and Recommendation, Magistrate Judge Carr noted that Defendant Hendrix was an employee of Rack Room Shoes and did not act "under color of state law" as required to maintain a claim under 28 U.S.C. § 1983. Report and Recommendation, 3. Plaintiff does not object to the Magistrate Judge's findings with regard to Defendant Hendrix. Though a *de novo* determination

of Plaintiff's objections is unnecessary here, see Orpiano, 687 F.2d at 47, the court has thoroughly reviewed the record and applicable law and finds the Magistrate Judge's analysis to be correct as to Defendant Hendrix. Summary dismissal is appropriate as Plaintiff fails to state a claim against Defendant Hendrix on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also contends that Defendant Ervin signed "disposition of case warrants" containing false information in violation of "the Equal Protection Clause of the [Fourteenth] Amendment." Objections, 1. Plaintiff argues that Defendant Ervin incorrectly indicated that two prior criminal cases in which Plaintiff was charged with shoplifting and assault "were heard on 11-5-98 by Judge Brenda H. Ervin." Id. Plaintiff contends that "both cases were heard by male judge believed by Plaintiff to be Hon. Johnny R. Steele" on November 2, 1998. Complaint, 3.

In his Report and Recommendation, Magistrate Judge Carr finds that Defendant Ervin, as a member of the unified judicial system of the State of South Carolina, is absolutely immune from suit under § 1983. Report and Recommendation, 3-4. Plaintiff does not object to the Magistrate Judge's finding that Defendant Ervin is a member of the South Carolina judiciary and normally entitled to absolute immunity from suit for § 1983 actions. Rather, Plaintiff argues that Defendant Ervin acted "outside the scope of her judicial duties" and "in complete absence of all jurisdiction," thus denying her absolute judicial immunity.[1] Objections, 2. The court disagrees with Plaintiff's contention and finds that Defendant Ervin is entitled to absolute immunity.

In South Carolina, "magisterial courts are vested with judicial power and are, therefore, a part

---

[1] Plaintiff also adds that "a judge's impartiality might reasonably be questioned when his factual findings are not supported by the record." Objections, 2 (citations omitted). Though phrased as an independent objection to the Magistrate Judge's Report and Recommendation, this statement reiterates Plaintiff's argument that Defendant Ervin acted without authority when she allegedly signed inaccurate case disposition warrants and is not treated as a separate objection.

of the State's uniform judicial system." State ex rel. McLeod v. Crowe, 249 S.E.2d 772, 775 (S.C. 1978). "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall. 335) (1872); Stump v. Sparkman, 435 U.S. 349 (1978)). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump, 435 U.S. at 355-56 (citing Bradley, 13 Wall. at 351). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id.

The court agrees with Magistrate Judge Carr's finding that Defendant Ervin was acting within the scope of her judicial jurisdiction in signing "disposition of case warrants." In his objections, Plaintiff argues that Defendant Ervin acted maliciously with some intent to cause Plaintiff harm when she signed the "disposition of case warrants" at issue. Objections, 2 ("Manufacturing evidence, perjury, fraud, and conspiracy to malicious prosecution are all a violation of the Equal Protection Clause of the Constitution and should be looked into thoroughly especially when committed by a Magistrate Judge."). Even assuming Plaintiff's description of Defendant Ervin's actions as "malicious" and "fraudulent" to be correct, Defendant Ervin is still entitled to absolute immunity as her actions were within her jurisdiction as a Magistrate and a member of the South Carolina judiciary. Chu, 771 F.2d at 81. Summary dismissal is appropriate as Plaintiff seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. Conclusion

The court has reviewed the record and adopts the Report and Recommendation of the Magistrate Judge. Plaintiff's complaint is **dismissed** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour  
Margaret B. Seymour  
United States District Judge

October 31, 2005  
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order pursuant to the Federal Rules of Appellate Procedure.**